AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

_____  District of  _____ Delaware _____

UNITED STATES OF AMERICA
V.
Walter Anderson
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR07-10-JJF

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
FEB 15 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by _____ clear and convincing evidence X a preponderance of the evidence: Defendant is charged with possession of counterfeit securities under 18 USC § 513(a). The evidence propounded against defendant is strong. On January 9, 2007, defendant gave counterfeit checks to a CI and there is strong evidence of his discussions regarding costs for the transaction. Essentially, defendant admitted his involvement in the offense. As a result of a review of the evidence, the court finds that there are no conditions that will reasonably assure defendant's appearance as required:

1. Defendant has a criminal history since 1994, which began as a juvenile. His first offense was for shoplifting. In 1998 he was charged with theft under $1000 and conspiracy. Prior to his conviction for this offense, he failed to appear in court on two occassions for which capiases were issued. Within a year of his release from prison and while on probation, he was charged with VOP twice and and three FTAs were issued, the last occurring in September 2006 which appears to be outstanding. In 2001, he was charged with forgery and theft in PA, sentenced and in 2005 a bench warrant was issued for a VOP which appears to be outstanding. He also has an outstanding capias for driving during a period of suspension in PA issued October 2006. He is wanted in PA and has been a fugitive from that jurisdiction. Defendant was charged with this offense, picked up in DE and then failed to appear for a subsequent hearing which would have resulted in his extradition.

2. His aliases are numerous including Baby Anderson, Babywalter Anderson, Rahsaan Anderson, X Babywalter, Pookie Anderson and Mike Pitt. He is known to use an additional birthdate and 3 other SS#. All of his prior criminal offenses have been consistent with his present charge, that is, theft, forgery, shoplifting.

3. Although defendant claims that he is suffering from a serious health condition, there was no indication that he has attempted to treat that condition for at least the past two years. It appeared that raising this concern with the court was purely for release.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| February 15, 2007 | *[signature]* |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).