*Filed in open Court this 19th day of April, 2007*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-00010-JJF |
| | : | |
| WALTER RASHAUN ANDERSON, | : | |
| | : | |
| Defendant. | : | |

FILED
APR 19 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Sophie E. Bryan, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Walter Rashaun Anderson, by and through his attorney, James F. Brose, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the one-count Indictment returned against him, charging him with knowingly possessing counterfeited securities of an organization with the intent to deceive another organization, in violation of 18 U.S.C. § 513(a), which statute carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both; three years of supervised release; and a $100 mandatory special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the elements of the offense charged in the Indictment as follows. The Government would have to

Case 1:07-cr-00010-JJF    Document 15    Filed 04/19/2007    Page 2 of 6

prove that (1) the defendant knowingly possessed counterfeited securities of an organization (2) with the intent to deceive another organization.

3.    Provided that the Government does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the Government agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guidelines Section 3E1.1(a).

4.    The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5.    The defendant agrees to pay a $100 special assessment on the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the

Case 1:07-cr-00010-JJF     Document 15     Filed 04/19/2007     Page 4 of 6

Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
James E. Brose, Esquire
Attorney for Defendant

_____
Walter Rashaun Anderson
Defendant

Dated: 4/19/07

COLM F. CONNOLLY
United States Attorney

By: _____
Sophie E. Bryan
Assistant United States Attorney

AND NOW, this __19__ day of __April__, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware

3

Case 1:07-cr-00010-JJF   Document 15   Filed 04/19/2007   Page 6 of 6